**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

RONALD HOROWITZ,

      Plaintiff,

v.

                            Case No. 3:22-cv-119-MMH-PDB

MERCEDES-BENZ FINANCIAL
SERVICES USA LLC,

      Defendant.
_____/

**O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion for Temporary Restraining Order (Doc. 2; Motion) filed on February 3, 2022. Simultaneously with the Motion, Plaintiff, who is proceeding pro se, filed a Complaint and Request for Injunction (Doc. 1; Complaint). In the Motion, Plaintiff seeks the entry of a temporary restraining order restraining Defendant from repossessing his vehicle, a 2019 Mercedes-Benz E450. Upon review, the Motion is due to be denied.

Generally, a preliminary injunction is an extraordinary and drastic remedy. See McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998); see also Davidoff & CIE, S.A. v. PLD Int'l Corp., 263 F.3d 1297, 1300 (11th Cir. 2001). Indeed, "[a] preliminary injunction is a powerful exercise of

1

judicial authority in advance of trial." Ne. Fla. Chapter of Ass'n of Gen. Contractors of Am. v. City of Jacksonville, Fla., 896 F.2d 1283, 1284 (11th Cir. 1990). Thus, in order to grant a request for preliminary injunctive relief, the movant bears the burden to clearly establish the following:

> (1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction were not granted, (3) that the threatened injury to the [movant] outweighs the harm an injunction may cause the [opposing party], and (4) that granting the injunction would not disserve the public interest.

Am. Red Cross v. Palm Beach Blood Bank, Inc., 143 F.3d 1407, 1410 (11th Cir. 1998); see also Davidoff & CIE, S.A., 263 F.3d at 1300; McDonald's Corp., 147 F.3d at 1306; Ne. Fla., 896 F.2d at 1284-85. The movant, at all times, bears the burden of persuasion as to each of these four requirements. See Ne. Fla., 896 F.2d at 1285. And the failure to establish an element will warrant denial of the request for preliminary injunctive relief and obviate the need to discuss the remaining elements. See Pittman v. Cole, 267 F.3d 1269, 1292 (11th Cir. 2001) (citing Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994)); Del Monte Fresh Produce Co. v. Dole Food Co., 148 F. Supp. 2d 1326, 1339 n.7 (S.D. Fla. 2001).[1]

---

[1] "[T]he four criteria for obtaining a preliminary injunction are identical to those for issuance of a temporary restraining order . . . ." See Windsor v. United States, 379 F. App'x 912, 916–17 (11th Cir. 2010).

Plaintiff is not entitled to the drastic and extraordinary relief he seeks. Plainly, the threatened repossession does not rise to the level of irreparable harm necessary for the issuance of a temporary restraining order as any harm caused by repossession would be compensable through money damages.[2] See Ne. Fla., 896 F.2d at 1285 ("An injury is 'irreparable' only if it cannot be undone through monetary remedies."). The Court could deny the Motion for this reason alone. See id. ("A showing of irreparable harm is 'the sine qua non of injunctive relief.'" (quoting Frejlach v. Butler, 573 F.2d 1026, 1027 (8th Cir. 1978))). However, the Court also finds that Plaintiff has not demonstrated a substantial likelihood of success on the merits in that the Complaint does not set forth any discernible cause of action.[3] As such, denial is warranted for this reason as well. See Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005) ("Controlling precedent is clear that injunctive relief may not be granted unless

---

[2] Plaintiff argues that the harm will be "significant, if not devastating" because he uses the vehicle for "a variety [of] needs," including "periodically to visit his children," and "to attend various functions of non-profit corps to which Plaintiff sits on its boards." See Motion at 5. According to Plaintiff, it will be difficult for him to obtain another vehicle if a repossession is reported on his credit history. These arguments are frivolous. The inconvenience of not being able to drive his car to attend a board meeting or visit his children does not warrant the extraordinary relief of a temporary restraining order. Regardless, Plaintiff does not address why he would be unable to rent a car or use public transportation to attend to his needs.

[3] Plaintiff identifies the "Federal Credit Reporting Act" in the Complaint as a basis for this Court's jurisdiction, see Complaint at 2, and refers to a "claim under 15 USC 1681" in the Motion, see Motion at 1, but no such claim is pled in the Complaint. Although the Complaint includes a list of factual allegations, it does not set forth any counts or causes of action. While pro se complaints are held to a less stringent standard than those drafted by an attorney, Plaintiff identifies himself as a retired attorney.

the plaintiff establishes the substantial likelihood of success criterion.").[4]  In light of the foregoing, the Court finds that Plaintiff has not met his burden of establishing an entitlement to a temporary restraining order and the Motion is due to be denied.[5]  Accordingly, it is

**ORDERED**:

Plaintiff's Motion for Temporary Restraining Order (Doc. 2) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 4th day of February, 2022.

*/s/ Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

---

[4] The Court's identification of certain deficiencies in the instant Motion is intended to cite only examples and should not be interpreted as determining whether all other requirements have been satisfied.  For example, Plaintiff also fails to verify the Complaint or submit affidavits in support of the requested relief.  See Rule 65(b)(1)(A), Federal Rules of Civil Procedure (Rule(s)); Local Rule 6.01(a)(2)-(3), United States District Court, Middle District of Florida (Local Rule(s)); see also 28 U.S.C. § 1746.

[5] As noted above, Plaintiff identifies himself as a retired lawyer who "was [and] still is admitted to the bars of" New Jersey, New York, and Florida.  See Complaint at 6.  As such, the Court takes this opportunity to remind Plaintiff that even as a pro se litigant, he is still subject to the requirements of Rule 11.  Rule 11 authorizes the imposition of sanctions on a litigant if he files a pleading, written motion, or other paper for "any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  See Rule 11(b)(1), (c)(1).  In addition, to avoid Rule 11 sanctions, a litigant's claims, defenses, and other legal contentions must be, to the best of the person's knowledge, information, and belief, "warranted by existing law or by nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law."  See Rule 11(b)(2).  Given that Plaintiff allegedly practiced law for over thirty years, the Court questions whether he could have filed the instant Motion in keeping with his obligations under Rule 11.  Plaintiff is cautioned that the filing of any future emergency motions without a good faith basis in law and fact to seek such relief may result in the imposition of sanctions.

lc11
Copies to:

Pro Se Parties