United States District Court
Middle District of Florida
Jacksonville Division

**RONALD HOROWITZ,**

    *Plaintiff,*

V.                                                    No. 3:22-cv-119-MMH-PDB

**MERCEDES-BENZ FINANCIAL SERVICES USA LLC,**

    *Defendant.*

## Report & Recommendation

Ronald Horowitz, a retired lawyer proceeding pro se, brought this action on February 3, 2022, against Mercedes-Benz Financial Services USA LLC alleging wrongful refusal to furnish a title, wrongful attempted repossession of a vehicle, and wrongful reporting of negative financial information to at least one credit bureau. Doc. 1. He attempted to pay the filing fee with a personal check. The check was returned to him. Setting a March 21, 2022, deadline, the Court ordered him to pay the filing fee using an accepted method or move for leave to proceed in forma pauperis. Doc. 4. The Court warned, "Failure to comply with this order may result in dismissal without prejudice." Doc. 4. A clerk entry shows the order was mailed to Mr. Horowitz on March 3, 2022. Mr. Horowitz has neither paid the filing fee nor moved for leave to proceed in forma pauperis.

A "court's power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Jones v. Graham*,

709 F.2d 1457, 1458 (11th Cir. 1983). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). Dismissal with prejudice is appropriate "only in extreme circumstances"; there must be a clear record of delay or willful conduct that lesser sanctions would be insufficient to correct. *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006) (quoted authority omitted).

Mr. Horowitz has failed to comply with the Court's order. No clear record of delay or willful conduct is present. The undersigned therefore **recommends** dismissal without prejudice.

"Within 14 days after being served with a copy of [a report and recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the district judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**Entered** in Jacksonville, Florida, on April 5, 2022.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*